**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LORETTA LINSER,<br><br>                  Plaintiff,<br><br>      vs.<br><br>FCB WORLDWIDE, INC.; RICHARD LEVY,<br>in his individual capacity; and LISA DUJAT, in<br>her individual capacity;<br><br>                  Defendants. | Case No.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Loretta Linser ("Plaintiff" or "Ms. Linser"), by and through her attorneys, The

Ottinger Firm, P.C., as and for her Complaint in this action against Defendants FCB Worldwide,

Inc., ("FCB"), Richard Levy ("Mr. Levy"), and Lisa DuJat ("Ms. DuJat") (collectively,

"Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.        This is an action seeking declaratory, injunctive, and equitable relief, as well as

monetary damages, to redress Defendants' unlawful employment practices against Plaintiff,

including Defendants' unlawful, discriminatory, and retaliatory treatment of Plaintiff in breach of

the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*. ("ADEA"); Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq*. ("Title VII"); New York State Human Rights

Law, New York Executive Law §§ 290 *et seq*. ("NYSHRL"); and the New York City Human

Rights Law, N.Y. Admin Code §§ 8-101, *et seq*. ("NYCHRL").

2.        Defendants' discriminatory, retaliatory, and otherwise unlawful conduct was

knowing, malicious, willful, wanton, and/or showed a reckless disregard for Ms. Linser, which has

caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, severe mental anguish, and emotional distress.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADEA and Title VII. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PROCEDURAL REQUIREMENTS

5.      On or about February 17, 2017, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination and retaliation in violation of the ADEA and Title VII. Plaintiff's EEOC charge arises out of the same facts alleged herein.

6.      The EEOC completed its processing of the charge and issued Plaintiff a notice of right to sue on May 5, 2017.

7.      Contemporaneous with the filing of this action, a copy of this Complaint will be served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of §§ 8-502 of the New York City Administrative Code.

8.      Any and all other prerequisites to the filing of this suit will have been met.

2

## PARTIES

9.      Plaintiff Loretta Linser is a former female employee of Defendants who resides in New York County, New York. Ms. Linser was employed by Defendant FCB for over 25 years in their New York City office. Ms. Linser's final title as an employee at FCB was Senior Vice President, Director of Editorial Services ("SVP, DoES"). Ms. Linser held this position from March 24, 2010, until August 31, 2016. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

10.      Upon information and belief, Defendant FCB is a for-profit business corporation incorporated in the State of Delaware and doing business in the State of New York. FCB is a subsidiary of the Interpublic Group of Companies. FCB advertises itself as a full-service healthcare marketing company with offices around the globe. FCB's clients are primarily large, international, for-profit businesses in the healthcare industry. At all relevant times, FCB met the definition of an "employer" under all applicable statutes.

11.      Defendant Richard Levy is an employee of Defendant FCB. Mr. Levy's county of residence is unknown, but upon information and belief, Mr. Levy's principle place of business is located in New York County, New York. At all relevant times, Mr. Levy actively and directly participated in the unlawful retaliatory conduct against Plaintiff as alleged herein. At all relevant times, Mr. Levy had authority to make personnel decisions concerning Plaintiff's work schedule, assignments, salary, and other employment benefits. He also had, and continues to have, the authority to discipline and terminate Plaintiff and other FCB employees.

12.      Defendant Lisa DuJat is an employee of Defendant FCB and, upon information and belief, is a resident of Westchester County, New York. At all relevant times, Ms. DuJat actively and directly participated in the unlawful retaliatory conduct against Plaintiff as alleged herein. At

all relevant times, Ms. DuJat had authority to make personnel decisions concerning Plaintiff's

work schedule, assignments, salary, and other employment benefits. She also had, and continues to

have, authority to discipline and terminate Plaintiff and other FCB employees.

## FACTUAL BACKGROUND

13.     Ms. Linser began her career at FCB in 1984 when she was hired as an Editor, a

position she kept until 1986.

14.     Ms. Linser left FCB for several years but returned on December 13, 1993, when she

was hired as Editorial Director. At the time of her return, she was 36.

15.     Ms. Linser was promoted twice during her career at FCB. In recognition of her

contribution to the Agency's steady growth, in February of 2002 Ms. Linser was promoted to Vice

President, DoES. On March 24, 2010, Ms. Linser was again promoted to her final position as

Senior Vice President, DoES.

16.     As SVP, DoES, Ms. Linser's job duties included, but were not limited to, the

management of medical editors, proofreaders, and freelance staff. She was also widely recognized

as the subject matter expert for the Editorial group.

17.     As SVP, DoES, Ms. Linser managed a team of 20 to 30 people directly, and more

than 50 over the FCB network. Ms. Linser managed an agency team responsible for numerous

accounts resulting in millions of dollars in billing.

18.     Ms. Linser oversaw a team with $2,500,000 in staff and freelance costs.

19.     Ms. Linser started reporting to Mr. Levy in December 2013. At all relevant times,

Mr. Levy was and remains an employee of FCB under any relevant legal definitions.

20.     Ms. Linser's work performance, as reflected in her performance reviews,

consistently met or exceeded FCB's reasonable expectations for her positions.

21.     Ms. Linser, however, immediately noted a change in Mr. Levy's attitude towards her at the time of her October 2014 Performance Evaluation and subsequently thereto.

22.     Ms. Linser was caught completely by surprise when Mr. Levy informed her that he had concerns about her performance and management skills, as she had always been a high performer and trusted employee throughout her long and distinguished career.

23.     Ms. Linser took note of the following actions by Mr. Levy that demonstrated his intent to treat her differently than other employees because of her age and gender:

24.     While Ms. Linser had previously been left to manage her work independently, Mr. Levy's interactions with Ms. Linser began to increase and were uniformly negative and without justification.

25.     Mr. Levy became impatient and openly hostile in his interactions with Ms. Linser, leaving Ms. Linser with little opportunity to engage or respond.

26.     Mr. Levy's interactions with Ms. Linser made it clear to Ms. Linser that he wanted nothing to do with her and did not want her to continue as an employee of FCB.

27.     Mr. Levy demonstrated a penchant for mentoring young FCB employees through his actions and reinforced his preference for younger employees by treating younger employees markedly better than he did older employees.

28.     Ms. Linser also noticed behavior exhibited by Ms. DuJat (EVP, HR Director) that demonstrated her intent to treat Ms. Linser differently than other employees because of her age and gender.

29.     Ms. DuJat was routinely dismissive of Ms. Linser's editorial accomplishments, such as her novel implementation of the eLearning tool at FCB and was apathetic in motivating her staff to provide services vital to its implementation.

5

30.     Ms. DuJat, repeatedly and without justification, demonstrated disinterest in meeting with Ms. Linser.

31.     When Ms. DuJat would meet with Ms. Linser, Ms. Linser's requests for support in highly sensitive workplace issues were denied.

32.     Mr. Levy and Ms. DuJat worked together and independently to aid and abet in Defendant FCB's unlawful employment practices.

33.     Contrary to the treatment Ms. Linser was receiving from Mr. Levy and Ms. DuJat, Ms. Linser received a bonus, accompanied by a letter from FCB's CEO, on March 1, 2015, affirming Ms. Linser's strong performance and value to the company.

34.     In July 2015, Ms. Linser was suddenly and unexpectedly presented by Mr. Levy with a Performance Improvement Plan ("PIP") alleging her employee engagement scores were below the acceptable range, her professional behavior was lacking, and her failure to maintain positive peer relationships.

35.     Shortly thereafter she was also informed that her Mr. Kyle Richards ("Mr. Richards"), the most senior employee who reported to her, would, rather than she, be overseeing the integration of several newly merged New Jersey offices into the FCB editorial network.

36.     Mr. Richards' change in reporting structure was initially described to Ms. Linser as a temporary change, but, in fact, based on best information and belief and the objective events referred to subsequently herein, it is clear that the change was intended to be a permanent change from the outset.

37.     Ms. Linser immediately realized the PIP was not the Defendant giving her an opportunity to improve her performance but in actuality the beginning of the pre-textual story Defendants were deliberately attempting to create to cover their actual discriminatory intention of

pushing Ms. Linser out of her position, and out of FCB as a whole, because of Ms. Linser's age and sex/gender.

38.     The 2015 PIP and Performance Evaluation were not representative of Ms. Linser's actual performance because they were purposefully skewed by the illegal and discriminatory intent of the Defendants and supported by factually inaccurate and unfair comments from aggrieved individuals who had personal issues with Plaintiff.

39.     In November 2015, during Ms. Linser's performance review, Mr. Levy informed her that Mr. Graham Johnson ("Mr. Johnson") would be her new manager. From that point on, Mr. Levy acted through Mr. Johnson.

40.     During the same November 2015 meeting, Mr. Levy notified Ms. Linser that her former direct report – Mr. Richards – would no longer be reporting to her, but rather would, like her, be reporting directly to Mr. Johnson. In addition, Mr. Levy informed Ms. Linser that Mr. Richards had been promoted to Senior Vice President, Editorial Director, the same level of position held by Ms. Linser at FCB.

41.     Finally, 9 months after promoting Mr. Richards to the equivalent position held by Ms. Linser, Mr. Levy, through Mr. Johnson, terminated Ms. Linser on August 31, 2016. Mr. Richards was shortly thereafter given Ms. Linser's position and title.

42.     Ms. Linser was invited to a meeting on August 31, 2016, with H.R. representative Ms. Anne Nielsen ("Ms. Nielsen") and Mr. Johnson to discuss the most recent engagement survey scores. Upon arriving at Ms. Nielsen's office, Ms. Linser was told by Mr. Johnson that the scores had not improved as mandated. Mr. Johnson's aim was to exit Ms. Linser by end of day, rather than engaging with Ms. Linser about the inaccuracies included in the Engagement Surveys.

43.     FCB treated Ms. Linser in a dramatically different fashion from other employees at her level. FCB did not allow her a courtesy resignation with several weeks or months of continued employment as had routinely been granted to other senior-level and long-time staff. Instead, FCB wanted Ms. Linser gone by the end of the day.

44.     The justifications Defendant provided to Ms. Linser at the time of her termination are pretext covering over the actual illegal intention to terminate Ms. Linser due to her age and sex/gender.

45.     The grading system used in Ms. Linser's Performance Evaluations was biased against her in that other employees able to achieve only 2 out of the 3 goals were still given "Meet Expectations," while when Ms. Linser achieved at least 2 of her 3 goals, the Defendants' gave Ms. Linser a Performance Evaluation rating of "Does Not Meet Expectations."

46.     Moreover, Ms. Linser's decades of high level performance and demonstrated history of excellence were intentionally deemed irrelevant and purposefully ignored in comparison against two years of intentionally manipulated average employee relations scores.

47.     Subsequent to Ms. Linser's termination, Defendant FCB backfilled Ms. Linser's position with a male employee under the age of 40.

48.     In light of the foregoing, Defendants terminated Ms. Linser because she is over the age of 40 and a female.

49.     Defendants' employment practices towards Ms. Linser were knowing, malicious, willful and wanton, and/or showed a reckless disregard for Ms. Linser.

///

///

///

## FIRST CAUSE OF ACTION
### (Discrimination under the Age Discrimination Employment Act)
### (Against Defendant FCB)

50.     Plaintiff hereby repeats and re-alleges each allegation in each of the preceding paragraphs as if fully set forth herein.

51.     Defendant FCB's conduct as alleged constitutes discrimination based on Age discrimination in violation of Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq*.

52.     The facts detailed herein belie Defendants' stated reason for their conduct; Defendants' stated rational is pretext to hide the discriminatory animus behind their illegal conduct against Ms. Linser.

53.     Plaintiff was 40 years of age or older at the time she was terminated.

54.     Defendant terminated Plaintiff because of her age and would not have terminated Plaintiff but for her age. There was no legitimate, non-discriminatory reason for Defendants' action, and any reasons Defendant may advance are pre-textual.

55.     As a direct and proximate result of Defendant FCB's unlawful discriminatory conduct in violation of the ADEA, Plaintiff has suffered and continues to suffer monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

56.     As a direct and proximate result of Defendant FCB's unlawful, discriminatory conduct in violation of the ADEA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

57.     Defendant FCB's unlawful discriminatory actions constitute a willful violation of the ADEA for which Plaintiffs is entitled to an award of liquidated damages.

### SECOND CAUSE OF ACTION
**(Retaliation under the Age Discrimination Employment Act)**
**(Against Defendant FCB)**

58.     Plaintiff hereby repeats and re-alleges each allegation in each of the preceding paragraphs as if fully set forth herein.

59.     Defendant FCB's conduct as alleged constitutes retaliation in violation of Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq*.

60.     The facts detailed herein belie Defendants' stated reason for their conduct; Defendants' stated rational is pretext to hide the retaliatory animus behind their illegal conduct against Ms. Linser in response to her complaints of discriminatory treatment by Defendants as set forth above.

61.     Plaintiff was 40 years of age or older at the time she was terminated.

62.     Defendant terminated Plaintiff because of her age and would not have terminated Plaintiff but for her age. There was no legitimate, non-retaliatory reason for Defendants' action, and any reasons Defendant may advance are pre-textual.

63.     As a direct and proximate result of Defendant FCB's unlawful, retaliatory conduct in violation of the ADEA, Plaintiff has suffered and continues to suffer monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

64.     As a direct and proximate result of Defendant FCB's unlawful, retaliatory conduct in violation of the ADEA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress

and anxiety, loss of self-esteem, and self-confidence, as well as emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

65.     Defendant FCB's unlawful, retaliatory actions constitute a willful violation of the ADEA for which Plaintiffs is entitled to an award of liquidated damages.

**THIRD CAUSE OF ACTION**
**(Discrimination under Title VII)**
**(Against Defendant FCB)**

66.     Plaintiff hereby repeats and re-alleges each allegation in each of the preceding paragraphs as if fully set forth herein.

67.     Defendant FCB has engaged in intentional sex discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

68.     As a direct and proximate result of Defendant's unlawful conduct in violation of Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages and other relief.

69.     As a direct and proximate result of Defendant's unlawful conduct in violation of Title VII, Plaintiff has suffered and continues to suffer mental and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

70.     Defendant's discriminatory and otherwise unlawful conduct towards Plaintiff constitutes a willful and wanton violation of Title VII, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION
### (Retaliation under Title VII)
### (Against Defendant FCB)

71.     Plaintiff hereby repeats and re-alleges each allegation in each of the preceding

paragraphs as if fully set forth herein.

72.     Defendant FCB has engaged in intentional retaliation in terminating Plaintiff's

employment due to Plaintiff's sex.

73.     As a direct and proximate result of Defendant's unlawful conduct in violation of

Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic damages,

including, but not limited to, loss of past and future income, compensation, and benefits, for which

she is entitled to an award of monetary damages and other relief.

74.     As a direct and proximate result of Defendant's unlawful conduct in violation of

Title VII, Plaintiff has suffered and continues to suffer mental and emotional distress, including,

but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem

and self-confidence, and emotional pain and suffering, for which she is entitled to an award of

monetary damages and other relief.

75.     Defendant's retaliatory and otherwise unlawful conduct towards Plaintiff

constitutes a willful and wanton violation of Title VII, was outrageous and malicious, was intended

to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling

Plaintiff to an award of punitive damages.

## FIFTH CAUSE OF ACTION
### (Discrimination in Violation of New York State Human Rights Law)
### (Against Defendant FCB)

76.     Plaintiff hereby repeats and re-alleges each allegation in each of the preceding

paragraphs as if fully set forth herein.

77.     Defendant FCB has discriminated against Plaintiff on the basis of Plaintiff's age and/or sex by subjecting Plaintiff to disparate treatment based upon her age and/or sex, including but not limited to, creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or remedy a hostile work environment and discharging Plaintiff from her employment, in whole or in part, due to her age and/or sex.

78.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

79.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## SIXTH CAUSE OF ACTION
### (Retaliation under New York State Human Rights Law)
### (Against Defendant FCB)

80.     Plaintiff hereby repeats and re-alleges each allegation in each of the preceding paragraphs as if fully set forth herein.

81.     Defendant FCB has retaliated against Plaintiff on the basis of Plaintiff's age and/or sex by, including but not limited to, creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or remedy a hostile work environment and discharging Plaintiff from her employment, in whole or in part, due to her age and/or sex.

82.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

83.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

**SEVENTH CAUSE OF ACTION**
**(Aiding and Abetting under New York State Human Rights Law)**
**(Against Defendants Levy and DuJat)**

84.     Plaintiff hereby repeats and re-alleges each allegation in each of the preceding paragraphs as if fully set forth herein.

85.     Defendants Mr. Richard Levy and Ms. Lisa DuJat had the authority to hire and fire employees, carry out personnel decisions, and supervise and control employees' conditions of employment.

86.     Defendants Mr. Richard Levy and Ms. Lisa DuJat knowingly, willfully, and maliciously provided aid and abetted in Defendant FCB's discriminatory employment practices against Ms. Linser, as set forth herein, in violation of the New York State Human Rights Law.

87.     As a direct and proximate result of Defendants Levy and DuJat's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

14

88.      As a direct and proximate result of Defendants Levy and DuJat's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

**EIGHTH CAUSE OF ACTION**
**(Discrimination under New York City Human Rights Law)**
**(Against Defendant FCB)**

89.      Plaintiff hereby repeats and re-alleges each allegation in each of the preceding paragraphs as if fully set forth herein.

90.      Defendant FCB has discriminated against Plaintiff on the basis of Plaintiff's age and/or sex by subjecting Plaintiff to disparate treatment based upon her age and/or sex, including but not limited to, creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or remedy a hostile work environment and discharging Plaintiff from her employment, in whole or in part, due to her age and/or sex.

91.      As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

92.      As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

93.     Defendant's discriminatory and otherwise unlawful conduct towards Plaintiff constitutes a willful and wanton violation of New York City Human Rights Law, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**NINTH CAUSE OF ACTION**
**(Retaliation under New York City Human Rights Law)**
**(Against Defendant FCB)**

94.     Plaintiff hereby repeats and re-alleges each allegation in each of the preceding paragraphs as if fully set forth herein.

95.     Defendant FCB has retaliated against Plaintiff on the basis of Plaintiff's age and/or sex by, including but not limited to, creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or remedy a hostile work environment and discharging Plaintiff from her employment, in whole or in part, due to her age and/or sex.

96.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

97.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

98.     Defendant's retaliatory and otherwise unlawful conduct towards Plaintiff constitutes a willful and wanton violation of New York City Human Rights Law, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

<u>TENTH CAUSE OF ACTION</u>
**(Aiding and Abetting under New York City Human Rights Law)**
**(Against Defendants Levy and DuJat)**

99.     Plaintiff hereby repeats and re-alleges each allegation in each of the preceding paragraphs as if fully set forth herein.

100.     Defendants Mr. Richard Levy and Ms. Lisa DuJat had the authority to hire and fire employees, carry out personnel decisions, and supervise and control employees' conditions of employment.

101.     Defendants Mr. Richard Levy and Ms. Lisa DuJat knowingly, willfully, and maliciously provided aid and abetted in Defendant FCB's discriminatory employment practices against Ms. Linser in violation of the New York City Human RightsLaw.

102.      As a direct and proximate result of Defendants Levy and DuJat's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

103.      As a direct and proximate result of Defendants Levy and DuJat's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress

and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

104.    Defendants' discriminatory and otherwise unlawful conduct towards Plaintiff constitutes a willful and wanton violation of New York City Human Rights Law, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants containing the following relief:

A.    A declaratory judgment that the actions, conduct, and practices of Defendants complained of herein violated the laws of the United States and the State and City of New York;

B.    An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic hardship, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

D.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and compensatory harm, including, but not limited to, compensation for her depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to her personal and professional reputations, and loss of career fulfillment;

18

E.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F.      An award of liquidated damages pursuant to the ADEA;

F.      An award of punitive damages pursuant to Title VII and the City HRL;

G.      An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Dated: July 20, 2017
New York, New York                      Respectfully submitted,

THE OTTINGER FIRM, P.C.


By: _____
        Ariel Y. Graff
        Benjamin D. Weisenberg
        401 Park Avenue South
        New York, New York 10016
        Telephone: (212) 571-2000
        Facsimile: (212) 571-0505
        ari@ottingerlaw.com
        benjamin@ottingerlaw.com

        *COUNSEL FOR PLAINTIFF*